Blado v. Draper.

---

FREDERICKA BLADO, APPELLEE, V. THOMAS DRAPER, APPELLANT.

FILED SEPTEMBER 25, 1911.  No. 16,524.

1. Negligence: INJURY TO PEDESTRIAN: OPERATION OF AUTOMOBILE. The driver of an automobile upon a public street or highway, who, in attempting to pass a carriage from the rear, so carelessly and negligently handles his car as to strike the carriage and injure the occupant thereof, who is without fault, is liable for the injuries caused by such negligent act.

2. Appeal: FINDINGS: REVIEW. Where the district court has properly submitted a controverted fact to the jury for their determination, their finding thereon should not be set aside by a reviewing court, unless it can be said to be clearly wrong.

3. Trial: REFUSAL OF INSTRUCTIONS. If the district court has, on his own motion, fairly and fully instructed the jury on defendant's theory of the case, it is not error for the court to refuse defendant's request for additional instructions thereon.

4. Evidence: OPINION EVIDENCE: SPEED OF AUTOMOBILES. It is not reversible error to permit a witness, who is well skilled in the use of automobiles and is accustomed to handling and driving them, to testify as to the distance in which such a machine may be stopped when going at different rates of speed, where on the trial of a cause that question is or may become material.

5. New Trial: NEWLY DISCOVERED EVIDENCE. A new trial should not be granted upon the ground of newly discovered evidence where

such evidence appears to be merely cumulative or is of a doubtful or equivocal character.

6. **Damages.** Evidence examined, and found sufficient to sustain the amount of the judgment rendered by the district court.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*George A. Adams,* for appellant.

*George W. Berge, contra.*

BARNES, J.

Action in the district court for Lancaster county to recover damages sustained by the plaintiff which are alleged to have been caused by defendant's negligence .in driving his automobile upon one of the public streets of the city of Lincoln. The plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that on the 1st day of March, 1908, the plaintiff and her husband were driving south on Eleventh street in the city of Lincoln with a single horse and carriage, and were overtaken by the defendant who was driving his automobile; that, when they were a short distance north of the alley between A and B streets, the defendant, in attempting to pass their carriage, which was within four or five feet of the west curb and on the right-hand side of Eleventh street, and without any warning, struck the left hind wheel of their carriage with the front fender of his machine. The force of the collision lifted plaintiff's buggy bodily from the ground, bent the axle-tree, broke the reaches, and threw the plaintiff forward upon the dashboard and at least partially out of the carriage, and thus inflicted the injuries of which she complains. The foregoing facts relating to the accident are not seriously disputed by the defendant and may be taken as the basis for our consideration of his appeal.

1. Defendant's first contention, as stated in his brief, is that the judgment is not supported by the evidence.

From an examination of the bill of exceptions, it seems clear that defendant was negligent in not turning his automobile sufficiently to the left in attempting to pass the plaintiff's carriage so as to avoid the collision; and, unless there was some immediate and intervening cause which prevented him from so doing, it must be conceded that his negligence was such as would support the verdict and judgment of which he now complains.

To avoid liability, it was contended by defendant at the trial, and is now urged on his appeal, that when he was in the act of passing the plaintiff's carriage he was suddenly confronted by a little girl riding a bicycle directly in front of his machine, and, in order to avoid striking and killing her, he was compelled to turn suddenly to the right, and that this was the cause of his striking plaintiff's carriage. It appears that this was one of the facts litigated in the trial court and which was there submitted to the jury; that on that question there was a conflict of evidence, with a preponderance of the testimony against defendant. The jury found against him on that question, and we cannot say that the evidence was insufficient to sustain the verdict. From reading the record, it is apparent that the jury believed that the defendant was guilty of negligence in carelessly and recklessly driving his automobile at such a rate of speed as to cause the injuries complained of, and we are not at liberty to overturn their verdict.

2. The defendant's second complaint, as expressed in his brief and argument, is that the district court erred in failing to instruct the jury on the law of unavoidable accident as set forth in the fifth, sixth, seventh and eighth instructions requested by his counsel. It is conceded that an instruction was given on that branch of the case, but it is insisted that it was not sufficient and did not contain a full and correct statement of the law on that subject. An examination of the transcript discloses that by the fourth, fifth and sixth paragraphs of the instructions the trial court, on his own motion, fully and fairly informed

the jury of the legal effect of any unavoidable accident, and correctly submitted to their consideration the defendant's contention that the accident was occasioned by his attempt to avoid running down or striking the child whom he claims was riding a bicycle in front of his machine. Having so instructed the jury, it was not error to refuse defendant's requests.

3. Defendant's third contention is that the trial court erred in permitting witness E. E. Mockett to testify as to the distance in which an automobile could be stopped while running at different rates of speed upon Eleventh street, in the city of Lincoln. While this evidence was not very material, still defendant has failed to cite any authorities which tend to support his contention, and it is not at all probable that the reception of this evidence resulted in any prejudice to his substantial rights. The witness clearly qualified himself as an expert handler, driver and dealer in automobiles, and we are satisfied that the evidence complained of was properly admitted. The same may be said as to like evidence given by other witnesses, of which defendant also complains.

4. It is further contended that the district court erred in refusing to grant the defendant a new trial for and on account of newly discovered evidence. We have carefully examined the affidavits upon which the claim of newly discovered evidence is founded, and find that such evidence is at most merely cumulative; that it is also of equivocal and doubtful character, and the most that can be said in relation to it is that it sets forth the name of a little girl, whom it is claimed was seen near the place of the accident; but no such girl has been found, and none of the affiants state that they saw her in front of defendant's automobile at the time the accident occurred. Therefore we are unable to say that the trial court erred or failed to exercise a sound legal discretion in refusing to grant a new trial upon that ground.

5. Finally, it is contended that plaintiff was not seriously injured, and therefore the judgment is excessive.

In disposing of this contention, it is sufficient for us to say that the evidence as to the nature and extent of the plaintiff's injuries and her present and probable future physical condition is to some extent conflicting; but it is clearly shown that she was seriously injured by the collision in question. It appears that the jury estimated her damages at the sum of $3,000, which, upon a careful review of the evidence, the district court deemed excessive to the extent of $1,000, and ordered a remittitur of that amount, and rendered a judgment against the defendant for the sum of $2,000. We do not think we should attempt to substitute any opinion of our own for the verdict of the jury as finally approved by the trial court. That tribunal heard the evidence and saw the witnesses as they gave their testimony in open court, and we are unable to say that the judgment as finally rendered by that court is excessive.

Having disposed of all the defendant's contentions as they are presented in the brief of counsel, and finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED

SEDGWICK, J., not sitting.