N. H. NELSON & COMPANY, APPELLEE, v. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, APPELLANT.

FILED MAY 4, 1918. No. 20110.

1. **Carriers: LIABILITY.** A common carrier of goods insures their
safe delivery to the consignee against loss or injury from what-
ever cause arising, except only the act of God, the public enemy,
or some other cause which would exempt it from liability at com-
mon law.

2. ———: ———: **PERISHABLE GOODS.** A common carrier was not
liable at common law for damages for losses arising from the
inherent nature or vice of the articles carried, such as live ani-
mals or perishable goods.

3. ———: **INJURY TO GOODS: BURDEN OF PROOF.** Where loss or in-
jury to freight while in a carrier's possession is shown, a *prima
facie* case is established, and it then devolves upon the carrier to
bring itself within one of the exceptions allowed by the common
law.

4. ———: ———: **INTEREST.** Where a claim or demand is made upon
a common carrier for loss or injury to goods shipped, interest is
properly allowable from the date of such demand.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*A. A. McLaughlin, Wymer Dressler* and *Lyle Hub-
bard,* for appellant.

*Weaver & Giller, contra.*

LETTON, J.

The petition alleges that on the 4th of November,
1911, the defendant, who is a common carrier, undertook
to carry a car-load of potatoes from Gordon to Omaha;
that on account of defendant's negligence the potatoes
were allowed to become frozen and unmarketable; that
on account of the negligence in the handling, manage-
ment and control of the potatoes and the delay in ship-
ment the plaintiff suffered a loss on the car-load in the
sum of $250. The answer is practically a general denial.

The jury returned a verdict for plaintiff. Defendant appeals.

Four errors are assigned: 1. That plaintiff is not the real party in interest. That plaintiff was the consignee of the car-load of potatoes. He paid the freight and received the goods, and the title passed to him. The fact that he has not paid for them in full is immaterial.

2. That the evidence is not sufficient to show that the potatoes were in good condition at the time of the shipment. Several witnesses testified to facts showing that the potatoes when shipped were in good and marketable condition. There is no evidence to the contrary, unless by inference from the fact that they were frozen when received.

3. That there is error in instruction No. 2 given by the court. The instruction complained of, in substance, told the jury that if it was established that the potatoes were delivered for transportation in a good and marketable condition, and that when delivered they were in a damaged and frozen condition, the plaintiff would be entitled to recover. Defendant offered no explanation for the delay, and did not show that it had not been guilty of negligence in caring for the potatoes.

Defendant argues that a carrier is not an insurer of perishable freight against loss or damage "due to natural elements inherently affecting the goods." The question seems to be settled in this state in *Wabash R. Co. v. Sharpe*, 76 Neb. 424: "The common carrier of goods insures their safe delivery to the consignee against loss or injury from whatever cause arising, except only the act of God and the public enemy. The delivery of goods to the carrier in good order, and their arrival at the place of destination in bad order, makes a *prima facie* case against the carrier. It then devolves upon it to show that the loss or damage was caused by the act of God or some other cause which would exempt it from liability."

"Some other cause which would exempt it from liability" evidently means some other cause which at common law would give exemption. It had never been considered at common law that a carrier was liable for damages for losses arising from the inherent nature or vice of the articles carried, such as live animals, or goods of a perishable nature. But the duty is incumbent on the carrier to see that proper care is taken of such goods while in its possession. The carrier, having the goods in its own custody and care, has the evidence in its own possession as to whether the loss occurred by a cause arising out of the nature of the goods or from lack of care on its part. The burden of showing that no negligence occurred is, therefore, placed upon it. 4 Halsbury, Laws of England, 10. If the carrier shows that it exercised due diligence and proper care under all the circumstances, and that the loss occurred from causes or elements inherent in the article transported, it is exonerated from liability. We conclude that, where loss or injury to freight while in the carrier's possession is shown, a *prima facie* case is made, and it then devolves upon the carrier to bring itself within one of the exceptions allowed by the common law. 10 C. J. 373, sec. 576.

4. That the verdict is excessive.

The district court required a remittitur, which reduced the amount of the verdict to $320.01. Taking into consideration the facts that 40⅓ bushels of the potatoes were shown to be frozen and worthless and the remainder of the car was greatly depreciated in value the verdict is supported by the evidence. Complaint is made because the court allowed interest on the amount of the recovery. A claim for damages to the shipment was filed with defendant on January 11, 1912, and in the final judgment interest was allowed from that date. This was proper. We find no ground for appeal.

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.