ECKMAN CHEMICAL COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 1, 1921. No. 21737.

1. **Carriers: DAMAGE TO GOODS SHIPPED: PRESUMPTION.** Where a party delivers goods to a common carrier for shipment in good condition and the goods arrive at destination in a damaged condition, a *prima facie* case is made against the carrier by reason of a presumption that the damage resulted from some cause other than one which would exempt the carrier from liability.

2. ———: ———: ———. A party relying upon such a presumption has a right to rest secure, until *prima facie* evidence has been adduced by the opposite party; but the presumption should never be placed in the scales to be weighed as evidence.

3. **Prima facie evidence** means sufficient evidence upon which a

party will be entitled to recover if his opponent produces no further testimony.

4. **Evidence:** JUDICIAL NOTICE. Spontaneous combustion means the ignition of a body by the internal development of heat without the action of an external agent, and the court will not take judicial notice that charcoal is predisposed to generate internal heat, sufficient to start fire.

5. **Trial:** INSTRUCTIONS. There is no evidence in this case tending to support the theory of spontaneous combustion, and the instruction complained of was rightly given and those requested properly refused.

6. **Attorney's Fees.** The attorney fee allowed is in the nature of reimbursement of costs, and the law authorizing it is not unconstitutional as providing a penalty.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*A. H. Murdock, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BUTTON and COLBY, District Judges.

BUTTON, District Judge.

May 27, 1919, the appellee shipped over the railroad, then being operated by appellant, a car-load of charcoal. Said shipment began in Chicago, Illinois, and ended in Omaha, Nebraska. The charcoal was delivered to the appellant in Chicago, Illinois, in good condition, and when it arrived in Omaha, Nebraska, it was on fire. A portion of the charcoal was salvaged; but a large part of it was ruined, and appellee seeks to recover its damages for the loss.

The case was tried to a jury, and a verdict was returned for appellee in the sum of $201.38. A motion for a new trial was overruled and judgment was rendered for $201.38. The court also allowed an attorney fee for appellee in the sum of $100 and ordered the same taxed as costs against appellant.

"A common carrier of goods insures their safe delivery to the consignee against loss or injury from whatever cause arising, except only the act of God, the public enemy, or some other cause which would exempt it from liability at common law, and where loss or injury to freight while in a carrier's possession is shown, a *prima facie case* is established, and it then devolves upon the carrier to bring itself within one of the exceptions allowed by the common law." *Nelson & Co. v. Chicago & N. W. R. Co.*, 102 Neb. 439. See, also, *Duncan v. Great N. R. Co.*, 17 N. Dak. 610.

It seems to be established by the evidence that the charcoal was delivered to the carrier in Chicago in good condition. The bill of lading recites that the charcoal was delivered in good condition, except as noted, and no notations appear. When the charcoal arrived in Omaha, it was on fire. This is sufficient to raise a presumption that the damage resulted from some cause other than one which would exempt the company from liability. This presumption, however, is not evidence and expires when sufficient evidence is introduced of facts, out of which the damage grew, to support a finding that the damage was from a cause for which the company would not be liable.

Appellant contends sufficient evidence was introduced to overthrow this presumption. If this be true, the trial court erred in the instruction complained of and in refusing the two offered on this subject by appellant. In fact, this presumption is the basis of nearly all alleged errors. Appellant, to sustain his position, cites Nebraska cases and many other authorities. We will examine only a few of the decisions, for when the principle upon which these decisions rest is rightly understood appellant's contentions are fully met.

First let us examine *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151. This was a shipment of live stock. There was evidence in the above case of the disposition of hogs to pile up to get fresh air, and

of the presence of cholera, and that some of the hogs died from congestion of the lungs, and other evidence tending to rebut the presumption, and the court said: "Such presumption, however, is not evidence and is destroyed when actual evidence is introduced of the facts out of which the damage occurred. When evidence of such facts appears and is sufficient to sustain a finding, the presumption expires."

Appellant also cites *Wente v. Chicago, B. & Q. R. Co.,* 79 Neb. 175. In this case a stallion was shipped and there was a caretaker. It is disclosed in this case that the horse was shipped in a box car suitable for the purpose. The horse was provided bedding, hay, grain, and water. There is no dispute that a horse might be confined in a car during a journey of from a week to ten days without danger from confinement. There was no request that the horse be unloaded *en route*. Under such circumstances the court held that the presumption under consideration has no weight as against such facts.

"A presumption of law is a rule of law announcing a definite probative weight attached by jurisprudence to a proposition of logic. It is an assumption made by the law that a strong inference of fact is *prima facie* correct, and will therefore sustain the burden of evidence, until conflicting facts on the point are shown. Where such evidence is introduced, the presumption at law is *functus officio* and drops out of sight." 22 C. J. 124, sec. 61.

"The presumption, when the opposite party has produced *prima facie* evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's *prima facie* evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion." *Peters v. Lohr,* 24 S. Dak. 605. See 1 Eliott, Law of Evidence, secs. 91-93; Wigmore, Evidence, secs. 2490, 2491.

"There is a presumption of ownership from the possession of property; but this obtains only in cases where

there is no actual evidence of ownership. A presumption means a rule of law that courts and judges shall draw a particular inference from a particular fact, or from particular evidence, unless and until the truth of such inference be disproved. * * * When evidence of actual ownership is introduced, the fact of possession loses its presumptive character." *First Nat. Bank v. Adams*, 82 Neb. 801.

*Prima facie* evidence means sufficient evidence upon which a party would be entitled to recover, providing his opponent produced no further testimony. 4 Wigmore, Evidence, sec. 2494.

From the foregoing authorities, we adduce the test or principle to be that, where the party having the burden in the first instance proves facts and circumstances that raise a presumption of law, rebutable in its nature, in his favor, he has made a *prima facie* case and is entitled to recover, unless the other party offers *prima facie* evidence to the contrary as to the facts out of which the presumption grows. When he has done this, the presumption expires.

In the case at bar appellee proved the charcoal was delivered to the carrier in Chicago in good condition and arrived in Omaha in bad condition. Hence, the appellee had a right to rest on the legal presumption thus raised, as he had made a *prima facie* case. Now, appellant could meet this condition by showing the charcoal was not received in good condition, or that it did not arrive in bad condition; or appellant might prove, as he alleged in his answer, that the fire "was caused solely by spontaneous combustion or other natural causes inherent in the goods." However, appellant offered no evidence of spontaneous combustion. No evidence was offered to the effect that charcoal is liable or predisposed to spontaneous combustion. We cannot presume that charcoal is predisposed to spontaneous combustion. Indeed, the writer believes that, since charcoal is produced by driving

out the gases, and moisture content, by means of heat, the contrary is the fact.

Appellant complains of instruction No. 6, given on the court's own motion. Appellant says that this instruction entirely eliminated from the consideration of the jury certain fundamental defenses offered by well-established rules of law, and authorized a finding in favor of the plaintiff, regardless of any showing on behalf of the defendant that the fire was due to spontaneous combustion, or, in other words, to the inherent nature of the goods. The court was right in giving this instruction, for the reason that there was no evidence in support of appellant's contention as to spontaneous combustion. The court was also right in refusing the instructions offered by appellant as to spontaneous combustion for the same reason.

Appellant seems to think that his evidence, that the shipment was made under seal and arrived with the seal intact, that the car was a new car and in first-class order, and did not leak and had an iron roof, and that the charcoal burned a hole through the car, and that the charcoal was on fire near the centre of the car and two feet above the floor, established the fact that the charcoal must have burned by spontaneous combustion. But not so. Such proof simply showed that the common carrier, an insurer of the goods it shipped, was making an honest effort to do its duty. But such proof does not meet the presumption at all. There must be sufficient evidence introduced of the facts, out of which the damage grew, to support a finding that the damage was from a cause for which the appellant would not be liable.

Appellant's contentions all revolve around this presumption upon which appellee relies. We are satisfied his position is untenable. He cites many cases, but we are unable to find any not in accord with the foregoing, and conclude the record is without substantial error.

Appellant also contends that the court erred in allowing appellee an attorney fee. He claims this allowance is

in the nature of a penalty. In this he is wrong. We have held that it is a matter of costs, and that the statute authorizing it is constitutional. *Marsh & Marsh v. Chicago & N. W. R. Co.*, 103 Neb. 654; *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151.

In view of the very liberal allowance for attorney fee in the trial court, no attorney fee is taxed in this court.

We are satisfied the judgment of the trial court is right, and it is

AFFIRMED.