MATT ROBERTSON ET AL., APPELLEES, V. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY, ET AL.,
APPELLANTS.

FILED MAY 6, 1922.  No. 21968.

1.  **Railroads:** FEDERAL CONTROL: LIABILITY. "The corporations own-
ing a railroad are not liable at common law for any of the acts
of the director general of railroads during the time the roads were
in control of the federal government under the president's proc-
lamation pursuant to Act Aug. 29, 1916 (Comp. St. sec. 1974a), con-
firmed by Federal Control Act March 21, 1918 (Comp. St. 1918,
Comp. St. Ann. Supp. 1919, secs. 3115¾a-3115¾p), during which
time the corporations were completely separated from the control
and management of their railroad systems." *Missouri P. R. Co. v.
Ault,* ɒ1 Sup. Ct. Rep. 593 (256 U. S. 554).

2.  **Negligence:** JOINT TORT-FEASORS. "Where, although concert is
lacking, the separate and independent acts or negligence of sev-
eral combine to produce directly a single injury, each is respon-
sible for the entire result, even though his act or neglect alone
might not have caused it." 38 Cyc. 488.

3. **Costs:** ATTORNEY'S FEES. Chapter 191, Laws 1919, does not re-
peal section 6063, Rev. St. 1913, by implication.

APPEAL from the district court for Hall county: BAYARD
H. PAINE, JUDGE. *Affirmed in part, and reversed in part.*

*Byron Clark, Jesse L. Root, J. W. Weingarten, O. A.
Abbott* and *Brown, Baxter & Van Dusen,* for appellants
and cross-appellants.

*Prince & Prince, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY
and GOOD, District Judges.

DAY, District Judge.

This is an action brought to recover damages for negli-
gent delay in the transportation of a shipment of live stock
from Omaha, Nebraska, to Ansley, Nebraska, September
19, 1918. The defendants are the Chicago, Burlington &
Quincy Railroad Company, Union Stock Yards Company,
Limited, of Omaha, a corporation, James C. Davis, direc-
tor general, and agent under the transportation act of
1920. From a verdict for plaintiff, all defendants appeal.

The defendant Chicago, Burlington & Quincy Railroad
Company contends that a railroad company is not liable
on causes of action arising out of the operation of the
railroad property during the period of federal control by
the government of the United States. In the case of *Mis-
souri P. R. Co. v. Ault,* 41 Sup. Ct. Rep. 593 (256 U. S.
554), the court held: "The corporations owning a rail-
road are not liable at common law for any of the acts of
the director general of railroads during the time the roads
were in control of the federal government under the presi-
dent's proclamation pursuant to Act Aug. 29, 1916 (Comp.
St. sec. 197a), confirmed by Federal Control Act March
21, 1918 (Comp. St. 1918, Comp. St. Ann. Sup. 1919, secs.
3115¾a-3115¾p), during which time the corporations
were completely separated from the control and manage-
ment of their railroad systems."

As to the defendant Chicago, Burlington & Quincy Railroad Company the case is reversed and dismissed.

With reference to the other defendants, the case was tried upon the theory, and the jury instructed, that the director general and the stock yards company were each responsible alone for their own acts, and that neither was responsible for the acts of the other. The verdict in this case must be considered in this light, and the question as to the liability of a connecting carrier for the acts of the other is not involved in this case. Each appellant contends that it was the sole negligence of the other that proximately caused the delay to the shipment, thereby damaging the appellees. This question was fairly and properly submitted to the jury, and by their verdict they found that the negligence of both the director general and the stock yards company was the proximate cause of the delay and contributed to the damage. There is ample evidence in the case to support the verdict. In such a case this court has so often held that it will not interfere with the verdict of the jury that it has become an axiom of our law.

But the stock yards company contends that there can be no joint judgment against defendants where there is no joint liability and no joint negligence.

The acts of delay of the stock yards company and the director general were separate acts of delay; but the separate act of the stock yards company did not produce one injury, and the separate act of the director general another; they could not be separated; they both combined to contribute to the single injury. It would be impossible to determine just what injury was caused by the negligence of one or of the other. The rule applicable to this case is stated in 38 Cyc. 488: "Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it." See, also, *Wisecarver & Stone v. Chicago, R. I. & P. R. Co.*, 141

Ia. 121. There is in this case liability of both defendants and the judgment is not erroneous.

The trial court taxed an attorney's fee of $300 in favor of plaintiff against the director general. The director general contends that the court erred in taxing an attorney's fee, because it is a penalty, and that a penalty could not to be taxed against the director general. This court has decided that an attorney's fee is not a penalty, but a part of the costs incurred in the action. *Eckman Chemical Co. v. Chicago & N. W. R. Co.*, 107 Neb. 268; *Marsh & Marsh v. Chicago & N. W. R. Co.*, 103 Neb. 654; *Nye-Schneider-Fowler Co. v. Chicago & N. W. R. Co.*, 105 Neb. 151. The supreme court of the United States in the case of *Missouri, K. & T. R. Co. v. Cade,* 233 U. S. 642, has held that it is incorrect to regard a similar statute as imposing a penalty. The court states that, "manifestly, the purpose is merely to require the defendant to reimburse the plaintiff for a part of his expenses not otherwise recoverable as 'costs of suit.' "

The director general further urges that the section of the statute by the authority of which this attorney's fee was taxed has been repealed by implication. This fee was taxed under section 6063, Rev. St. 1913, as amended by chapter 134, Laws 1919. This section was not repealed by implication by chapter 191, Laws 1919. The two acts are not inconsistent and can be harmonized. They were not passed to accomplish the same purpose.

The plaintiff did not file a claim against the stock yards company, as provided by the statute as a condition precedent to the recovery of an attorney's fee against that defendant. Consequently, the court did not tax an attorney's fee against said defendant. In view of the fact that there were two defendants, we think the attorney's fee assessed by the trial court against the director general was sufficient, and no fee is taxed by this court.

For the reasons above stated, the judgment of the district court is reversed and the cause dismissed as to the

Chicago, Burlington & Quincy Railroad Company, and as to the other defendants affirmed.

JUDGMENT ACCORDINGLY.