JOHN D. O'NEILL, APPELLANT, V. GUST M. ROVATSOS ET AL., APPELLEES.

FILED DECEMBER 30, 1925.    No. 23436.

1. **Master and Servant**: MINORS: CONTRIBUTORY NEGLIGENCE: ASSUMPTION OF RISK. Where a minor under 14 years of age is employed in violation of the child labor law, namely, section 7669, Comp. St. 1922, and is injured in the course of such employment, contributory negligence cannot be attributed to the minor, nor can he be held to have assumed the risk of such employment.

2. **Torts**: JOINT AND SEVERAL LIABILITY. "An act wrongfully done by the joint agency or co-operation of several persons, or done contemporaneously by them without concert, renders them liable jointly and severally." *Schweppe v. Uhl*, 97 Neb. 328.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Reversed.*

*H. E. Kuppinger* and *Sullivan, Wright & Thummel*, for appellant.

*Kennedy, Holland, DeLacy & McLaughlin* and *Baker & Ready*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

John D. O'Neill is a minor who was under 14 when the facts occurred on which this action is based. He sued in

the district court for Douglas county by his mother Rozanna Garries, as next friend, to recover damages from defendants for personal injuries sustained in Omaha by being struck by an automobile which it is alleged was then being driven at an unlawful rate of speed, to-wit, in excess of 25 miles an hour. The automobile was owned by J. Kahn, an automobile liveryman, and when the accident happened it was being driven by Walter Lowe, a driver then in Kahn's employ. Plaintiff was riding a bicycle at the time, and his counsel's contention is that he was then engaged in the work for which he was employed. This is denied in the answer. But defendants produced no witnesses, and at the close of plaintiff's evidence the court, pursuant to motions being filed therefor, dismissed the action generally as to defendant Rovatsos, the employer, whose name, awhile before the trial, was changed to Rogers. The action was also dismissed as to Kahn, and as to defendant Walter Lowe the action was dismissed, but without prejudice as to him. Plaintiff has brought the record here for review.

From the evidence it appears that plaintiff was an Omaha school boy, and during a part of the summer vacation period he was hired by defendant Rogers who was a merchant florist engaged in the business of retailing and delivering flowers from his store to his customers in and about Omaha. Plaintiff was Rogers' delivery boy, and he used his own bicycle in delivering the packages, making from one to ten trips daily. When he was not delivering flowers he worked generally in Rogers' store. For his services Rogers paid him a wage of $6 a week.

From the evidence submitted on the part of plaintiff it appears that he sustained injuries in the collision. But, as the case is for retrial, we will not, of course, in the present state of the record, discuss the extent of the injuries. The only question before us now is in respect of the court's ruling wherein plaintiff was nonsuited upon submission of his evidence.

It appears that plaintiff left his employer's store about 5 or 5:30 in the evening, but before leaving Rogers gave him

a quantity of canary bird seed in a large tin container, and directed him to deliver it at his home. And it was while he was on his way to deliver this package at Rogers' home that the accident happened. Counsel contend that plaintiff's day's work was ended when he left the store and that Rogers is not therefore liable. But whether Rogers handed the boy a package of bird seed or a package of flowers, or any other commodity, with directions to deliver it while he was on his way to his own home, is immaterial so far as the nature of the package is concerned. The vitally important and material fact is that he did give him a package to deliver and plaintiff was injured while in his employ and while making the delivery. And liability thereby arises because the hiring was an express violation of the minor child statute. Nor is it material that plaintiff and his mother and Garries, his stepfather, had been living at Rogers' home and on the day of the accident were moving or were about to move away to another location in the city. We are not in accord with defendant's insistent argument that plaintiff's employment had ceased for the day and that he was not therefore in the employ of Rogers when he left the store. We do not need to discuss this question more than to say that the errand with which plaintiff was entrusted by his employer had not been completed when he was struck by the passing automobile.

Plaintiff's contention is that liability attaches, as against defendant Rogers, under the child labor law, namely, section 7669, Comp. St. 1922, which among other recitals contains this:

"No child under fourteen years of age shall be employed, permitted or suffered to work in, or in connection with any theater, concert hall, or place of amusement, or in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, passenger or freight elevator, factory or work-shop, or as a messenger or driver therefor within this state."

The proposition has long been recognized that a minor child, in a peculiarly important and personal sense, is a

ward of the state. This solicitude for child welfare is shown in many legislative enactments in Nebraska. Among these are the laws for the establishment of a home for dependent children, the child labor law, and the law for the establishment of an orthopedic hospital, and in the law which fixes the age at which the child's school attendance is made compulsory and its course of study is outlined. In all of these the law must be impartially enforced. And this because it is the law. The child welfare acts, all of them, come within the regulatory prerogative of the state in the exercise of its police power and are, of course, binding alike on all of its citizens. In respect of the child labor law in this and other states, the rule is well established by the weight of authority that, under statutes of this character, the minor child cannot, if injured, be holden for contributory negligence, nor can he be held to have assumed the risk attendant upon such dangers as may go with such employment. This is, of course, because of his tender years and of his consequent inability to understand or to appreciate the perils to which he may be subjected if he engages in the inhibited employment.

In respect of the unlawful employment of a minor, under the age fixed in a restrictive act, the rule is aptly stated in *Iron & Wire Co. v. Green,* 108 Tenn. 161:

"Employment of an infant in violation of statute forbidding such employment and making it a misdemeanor constitutes *per se* such negligence as makes the employer liable for all injuries sustained by the infant in the course of his employment."

In *Lenahan v. Pittston Coal Mining Co.,* 218 Pa. St. 311, the court points out that the legislature may, under its police power, fix an age limit below which boys may not be employed to labor, and that where a boy is employed to do dangerous work contrary to the provisions of the statute the employer cannot in case of his injury in such work set up the fact that he was guilty of contributory negligence. To substantially the same effect is *Marino v. Lehmaier,* 173 N. Y. 530. In the *Marino* case it is also held that the minor

cannot be held to have assumed the risks of the employment. See, also, *Rolin v. Tobacco Co.*, 141 N. Car. 300, 7 L. R. A. n. s. 335.

In support of the argument that, in cases of this class, all defendants are joint tort-feasors and that all are jointly liable, we said this in a comparatively recent case:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it." *Robertson v. Chicago, B. & Q. R. Co.*, 108 Neb. 569.

In *Schweppe v. Uhl*, 97 Neb. 328, we said:

"An act wrongfully done by the joint agency or cooperation of several persons, or done contemporaneously by them without concert, renders them liable jointly and severally."

A personal injury action, which is in point here, involving the question of joint liability, was appealed to the supreme court of the United States, in which a husband and wife had sued to recover damages for personal injuries which arose, simultaneously, from culpable negligence on the part of the employees of a steam railroad and the employees of a street horse-car company in the handling of their respective conveyances. Plaintiffs prevailed in the lower court and the supreme court affirmed the judgment as against both defendants. The court there held that the driver of the horse-car was guilty of negligence in attempting to cross the track of the steam railroad under the circumstances, and that there was evidence to warrant the jury in finding that the gateman was the servant of the steam railroad company, and that it was responsible for the results of the gateman's negligence. Counsel, however, argued nonliability on the part of the horse-car company, and on the question of joint liability the court said:

"This is an attempt to separate that which upon the facts in this case ought not to be separated. The so-called two negligent acts were, in fact, united in producing the result, and they made one cause of concurring negligence on the

part of both companies. They were in point of time substantially simultaneous acts and parts of one whole transaction, and it would be improper to attempt a separation in the manner asked for by the counsel for the horse-car company." *Washington & G. R. Co. v. Hickey,* 166 U. S. 521.

In view of the record and of the weight of authority, it seems to us that the injury occurred in the course of the employment of plaintiff, and that the question of proximate cause is for the jury, and it is also for the jury to determine the question in respect of liability, whether joint or several, as the facts may warrant.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED.