MARY YECHOUT ET AL., APPELLEES, V. CHARLES TESNOHLIDEK ET AL., APPELLANTS.

FILED DECEMBER 18, 1914.    No. 17,860.

1. **Trial: OPENING STATEMENT.** Considerable latitude must be allowed counsel at the commencement of a trial in making the opening statement in which he states the evidence by which he expects to sustain his cause of action or defense. The mere fact that he fails to prove all he expected to prove, if true, does not necessarily establish the fact that the statement was intentionally false.

2. **Pleading: ANSWER: NEW MATTER.** "In order to be available in an action, new matter constituting a defense must be pleaded in the answer. It cannot be introduced under a general denial." *Gran v. Houston*, 45 Neb. 813.

3. **Intoxicating Liquors: ACTION ON BOND: DEFENSE.** In an action upon a saloon-keeper's bond for damages for a loss of means of support growing out of the sale of intoxicating liquors to the

husband and father of plaintiffs, the fact that such husband and father was a drinker, or even a 'drunkard, before the time charged as the beginning of the sales would not of itself defeat a recovery, if liquors sold to him after such time by defendant contributed to keeping him in that condition.

4. **Trial: INSTRUCTIONS.** The action of the court in refusing to give instructions asked by defendants, and which is assigned for error, is examined, and no prejudicial error found.

5. **Constitutional Law: SLOCUMB ACT.** The question of the constitutionality of the act of 1881, commonly known as the "Slocumb Law" (Rev. St. 1913, ch. 40) having been passed upon so often by the courts, and no special reason being assigned in the brief of defendants why or how the act is violative of the constitution, the question is not reexamined.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Alfred G. Ellick* and *Albert S. Ritchie* for appellants.

*H. C. Murphy* and *S. L. Winters, contra.*

REESE, C. J.

This action was commenced by plaintiff, the wife of James Yechout, against defendant Tesnohlidek and one Macek, and the surety on their bonds, as saloon-keepers in the city of South Omaha, for damages growing out of the sale of intoxicating liquors to the husband of plaintiff. A jury trial was had, which resulted in a verdict in favor of defendant Macek and against plaintiff, and in favor of plaintiff and against Tesnohlidek and his surety for $2,000. Judgment of dismissal was rendered in favor of Macek, and judgment in favor of plaintiff and against defendant Tesnohlidek and his surety for the said sum of $2,000, from which he and his surety appeal.

The action was for loss of support and the debauching of plaintiff's husband and the father of their three minor children, who joined in the action as plaintiffs by their next friend, Mrs. Yechout. The petition sets out that from the 1st day of May, 1909, to May 1, 1910, and during the next year until May 1, 1911, defendant Tesnohlidek was a licensed saloon-keeper, with defendant, the Bankers

Surety Company, as his surety, upon the liquor dealer's bond. It is alleged that Yechout, the husband and father, prior to May 1, 1909, was capable of earning, and did earn, the sum of $5 a day, all of which he brought to his home and used, and caused to be used, for the maintenance and support of the family; that from that date until the time of the commencement of the suit defendant Tesnohlidek sold and gave to the said James Yechout intoxicating liquors in large quantities, and at frequent intervals, thereby causing him to be a confirmed and habitual drunkard, and for that reason he has failed to contribute to the support of the said family; that he has become an imbecile, a total wreck, mentally and physically, and that said condition has become permanent, etc. Damages in the sum of $25,000 are alleged, and judgment for that sum is demanded.

Defendant Tesnohlidek filed his separate answer, in which he admitted the allegations as to his being a duly licensed saloon-keeper during the time stated, and that he gave the bond with surety as alleged, and denied all other allegations of the petition. The Bankers Surety Company answered by way of a general denial, and alleged the unconstitutionality of the statute upon which the action is founded, for the reason that the statute violates the provisions of subdivision 3, sec. 8, art. I of the constitution of the United States, wherein it is provided that congress shall have power to regulate commerce among the several states, and also violates that portion of section 1, art. XIV of the constitution of the United States, which provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." It is also alleged that the law is unconstitutional for the reason that it violates section 3, art. I of the constitution of this state, also portions of section 15, art. III thereof.

1. Of the errors assigned by appellants, the first is that in the opening statement to the jury counsel indulged in inflammatory and baseless appeals to the jury in stating what facts plaintiff expected to prove by the testimony of witnesses thereafter to be introduced. These statements referred to a cupboard, a saw, and a pipe, which, it was claimed, defendants took and received from plaintiff's husband in payment for liquor bills, and also that plaintiff, on account of her husband's drunkenness, locked their children in their home and worked in a packing house in order to maintain the family. It may be remarked that there was some evidence submitted in support of these statements, though in some instances it was slight. In making the opening statements to a jury, the plaintiff is entitled to "briefly state his claim, and may briefly state the evidence by which he expects to sustain it." Rev. St. 1913, sec. 7846. In all cases considerable latitude must be allowed in the statement of what the party "expects" to prove. The fact that he may fail to establish the facts which he may have expected to prove does not necessarily establish the fact that the statement was intentionally false. The incidents referred to, even if not proved, were of a trivial matter, not material to a recovery, and we cannot conceive of any prejudice resulting therefrom.

2. It is next contended that the trial court erred in giving the eighth instruction to the jury. The instruction is as follows: "You are further instructed that it is not pleaded in any of the defendants' answers that plaintiffs consented or acquiesced in the sale or furnishing of liquor by defendant saloon-keepers to James Yechout, or that Mary Yechout herself furnished liquor to her husband, and you are therefore instructed that this would not be a defense to this action, and you are hereby directed to disregard all testimony upon this question." The law of this instruction is fully settled in *Gran* v. *Houston*, 45 Neb. 813, 830, wherein it is said: "The consent or acquiescence of Mrs. Houston to the giving or sale of liquors to her husband was matter constituting an affirmative defense, even if it could be allowed in any degree as a de-

fense, and to be available must have been pleaded, and this was not mentioned in the answer, and could not have been taken advantage of under general denial, hence this assignment is clearly without merit. New matter constituting an entire or partial defense to a cause of action must be pleaded in the answer and cannot be shown or made available under a general denial." As there was no defense of the kind pleaded, we need give no further attention to the subject. It may be said, however, that it was held in *Kliment v. Corcoran,* 51 Neb. 142, that the fact that plaintiff furnished liquor to and drank with her husband constituted no defense to the action. The instruction was correct even upon that theory.

3. It is next insisted that the court erred in refusing to give instruction numbered 5 asked by defendant insurance company. The instruction is as follows: "You are instructed that there can be no recovery by the plaintiffs herein for loss of means of support if you should find that there has been no diminution thereof since May 1, 1909." There was evidence that there was a loss of means of support after the date named in the instruction, but we think this could make no difference under the provisions of sections 3859 and 3862, Rev. St. 1913, of the act known as the "Slocumb Law." While it might be proper for the jury to consider all the circumstances of the case, the fact that the drinker was disqualified before a certain date could not justify the seller of the liquor in keeping him in that condition during a later time.

A number of errors are based upon the refusal to give instructions, all of which we have examined, but find that the questions presented have all been passed upon by this court, and are satisfied that there is no merit in the contentions.

There is no discussion in appellants' brief of why or how the law under which this action is brought is violative of either the constitution of the United States or of this state. Since both the supreme court of this state and of the United States have passed upon the question, we are not called upon to review the many decisions therein. The

law was enacted in 1881, and has been attacked upon every point since *Pleuler v. State,* 11 Neb. 547, decided at the July term of that year, and we must be excused from entering that field, in the absence of specific directions.

Finding no error in the record justifying a reversal of the judgment, it is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.