MARY FRANCES BUHRMAN, APPELLEE, V. FRANK A.
SMOLLEN ET AL., APPELLANTS.
83 N. W. 2d 386

Filed May 24, 1957.   Nos. 34107 and 34112.

*Wellensiek & Weaver, John A. Wagoner,* and *Luebs & Elson,* for appellants.

*Harold A. Prince* and *Walter P. Lauritsen,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action cars driven by the defendants Frank A. Smollen and Samuel M. Rank, collided in a street intersection. The defendants will hereinafter be referred to as Smollen and Rank. The Rank car proceeded beyond the point of collision, turned sharply, and went

into the yard of plaintiff's home where she was caught and pinned against the house by the Rank car.

Plaintiff sued for damages. The jury's verdict was in favor of plaintiff and against both defendants. Defendants appealed separately. The appeals are consolidated here and presented on one record.

So far as required, we state in the course of the opinion the assignments of error that are argued.

We reverse the judgment of the trial court and remand the cause for a new trial.

The street intersection involved is that of Louise and Elm Streets in the city of Grand Island. The streets were paved, the weather was clear, and the pavement was dry. The accident happened about 5:30 or 6 p.m. on March 11, 1955, in daylight.

The speed limit at the place of impact was, by ordinance, 20 miles per hour. The streets involved were well-used streets and without stop signs.

Plaintiff's home sat back from Elm and Louise Streets at the northwest corner. Just prior to and at the time of the accident plaintiff was outside her home on the east side or Elm Street side.

There was a hedge 4 or 5 feet high inside the sidewalk line and along the north and east sides of the southwest corner of the intersection. It was not in leaf. The witnesses generally agreed that it interfered with or obstructed vision across that corner.

The Rank car was proceeding north on Elm Street. The Smollen car was proceeding east on Louise Street. The cars made contact somewhere near the center of the street. The left front fender light and grill of the Smollen car were damaged. The left rear fender of the Rank car was damaged. It seems to be agreed that those places of damage fix the points of contact of the two cars. The Smollen car went on east. The Rank car proceeded north, made a sharp turn to the west and in a substantially direct west course went over a 6-inch rise in the curb, across the parking and sidewalk,

then over an eight-tenths of a foot curb on the inside sidewalk line and pinned plaintiff against her house.

Plaintiff suffered severe injuries.

The matters above recited do not appear to be in serious dispute.

Plaintiff alleged that the proximate cause of the collision which caused the Rank car to strike and injure her was the negligence of each and both of the defendants. Plaintiff alleged the negligence of Smollen to be driving in excess of the speed limit and at 35 miles per hour; failure to keep a reasonable lookout for cars approaching from his right; failure to yield right-of-way to the Rank car although the Rank car had the right-of-way; failure to keep his car under control so as to avoid a collision with an automobile approaching from the right; failure to look or if he looked, failure to see the Rank car; failure to stop although he had time to do so; and failure to apply his brakes in time to avoid a collision.

Plaintiff alleged negligence of the defendant Rank in that he was driving in excess of the speed limit and at the rate of 35 miles per hour; failure to keep a lookout for cars approaching from the west; failure to see the Smollen car that was in plain sight; failure to stop or avoid the collision although he had time to do so; failure to apply his brakes to avoid the collision; failure to guide his car so as to avoid a collision between his car and the plaintiff; and failure to apply his brakes so as to avoid striking plaintiff.

Smollen answered, denied negligence, and alleged negligence of Rank for failure to keep a proper lookout; failure to have his automobile under control; failure to yield the right-of-way to Smollen who had entered the intersection first; failure to stop after he saw or should have seen Smollen's car in the intersection; failure to turn to avoid a collision; negligence in driving his car into the car of Smollen; and failure to apply his brakes in time to avoid the collision.

Rank answered and admitted as true the allegations of plaintiff as to the negligence of Smollen, except as traversed in the answer. He denied negligence, and alleged the operation of his car at a "slow, lawful, proper and moderate rate of speed"; that he entered the intersection first; that the speed of Smollen was excessive; and that so far as he was concerned the accident was unavoidable and that he was without blame. He further alleged that as a result of the collision he was thrown against the windshield and rendered unconscious; and that the movement of his car thereafter was not caused by any conscious or voluntary act or omission on his part.

At the close of plaintiff's case-in-chief and at the close of all the evidence, each defendant moved separately for a directed verdict and later for a judgment notwithstanding the verdict. These motions are based on a contended insufficiency of the evidence to prove actionable negligence as to each defendant.

The applicable rules are:

"Where, in a jury trial, a defendant, when plaintiff rests, moves for a verdict in his favor, and upon the overruling of such motion, without protest, proceeds with the trial and introduces evidence in support of the defenses set up in his answer, he thereby waives the right to assign error in the ruling upon such motion." Bradstreet v. Grand Island Banking Co., 89 Neb. 590, 131 N. W. 956. See, also, Russell v. Electric Garage Co., 90 Neb. 719, 134 N. W. 253.

"A judgment will not be reversed for error in overruling a motion for a directed verdict at the close of plaintiff's case when certain essential testimony was not then in the record, when, at the time of renewing the motion at the close of all the evidence, such testimony is in the record and its admission is not assigned as error here." Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130.

There is an assignment of error by Smollen as to the

admission of evidence offered by Rank. Smollen offered evidence that he was driving east just before the accident at a speed of approximately 20 miles per hour. On cross-examination he testified that this had been his constant speed for at least 2 blocks west of the point of the collision and that there were no cars immediately in front of him. Rank then produced a witness who testified that she was standing at her kitchen window in her home facing Louise Street a block and a half west of the accident intersection. She had a view of Louise Street for half a block. She saw a car go by 10 or 12 seconds before she heard the crash here involved. She saw no car ahead of or following the car she mentioned. She observed the car for a half a block. She was not able to give a particular discription of the car. She testified that a car going 20 miles an hour was not going very fast; that she would know when a car was going "around" that speed; and that she could tell by comparison whether the car she saw was going more or less than 20 miles per hour. The car was going 5 to 10 miles an hour faster than the 20 miles an hour with which she was familiar.

The applicable rules are:

"The question of the admissibility of evidence as to the speed of a vehicle shortly prior to the time of an accident rests largely in the discretion of the court." Shields v. County of Buffalo, 161 Neb. 34, 71 N. W. 2d 701.

"When the speed of a motor vehicle is charged as negligence, it is proper to admit competent evidence of the speed at which it was being driven a few seconds before the collision." Schwarting v. Ogram, 123 Neb. 76, 242 N. W. 273, 81 A. L. R. 769.

The trial court did not abuse its discretion in the admission of the evidence.

We return to the motions of the defendants for a directed verdict or for judgment notwithstanding the verdict.

The applicable rules are: "A motion for directed

verdict or for judgment notwithstanding the verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. * * * In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569.

There is evidence in the record that would support the following findings:

Defendant Smollen approached the intersection at a rate of speed well in excess of the speed limit in the area involved; he did not look to the south when he could have seen the Rank car then approaching the intersection on his right and at a time when he could have stopped his car so as to have avoided the collision; as soon as Smollen looked and did see the Rank car he put on his brakes and skidded a distance of 40 feet to the point of impact with the Rank car; debris from the Smollen car was scattered on the pavement for a distance of several feet east of the point of impact; and the Smollen car then proceeded east a distance of 140 feet from the point of impact where it stopped with the right front wheel against the curb. Smollen then backed up to near the point of impact.

Rank approached the intersection from the south at a speed of 35 miles per hour; he did not look to the west at a point where he could have seen the Smollen car coming toward the intersection and could have stopped; when he looked and saw the Smollen car he was then almost in the intersection; and he could not then stop his car and accelerated his speed in an effort to get through the intersection ahead of the Smollen car. After the contact of the two cars, Rank then pro-

ceeded straight north a distance of about 25 or 30 feet, made a sharp turn to the west, crossed over the pavement curb, the parking, the sidewalk and sidewalk curb, and struck the plaintiff, pinning her to the house. The total distance traveled by Rank after the collision was 80 feet.

The above summary is sufficient to show that the trial court did not err in overruling the motions for a directed verdict and in overruling the motions for judgment notwithstanding the verdict.

Rank and Smollen assign prejudicial error of the trial court in the giving of instructions Nos. 1, 4, 6, and 8 on its own motion. Smollen makes no argument as to error in instruction No. 1. Instruction No. 1 is the instruction in which the court undertook to define the claims of the parties and advised that the contentions of the parties was not to be considered as evidence in the case.

The first complaint of Rank goes to the statement in the instruction that plaintiff alleged she was on the porch of her home "looking after her children" when the accident happened, and that such a reference is repeated twice in the instructions. We do not find any allegation of that kind in the pleadings. It was an erroneous statement of the pleadings and a correct statement of the fact. The evidence showed without dispute and without objection that the three children were with the plaintiff, the youngest being in a "Taylor-tot" near the plaintiff just before the accident, and that the three children were there immediately following the accident in which plaintiff was seriously injured. We find no prejudicial error in that regard. Before an error requires a reversal it must be determined that it was prejudicial to the rights of the party against whom it was made. Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466. However, as a new trial is required this is an error that need not be repeated.

Plaintiff alleged that Smollen was negligent in that he failed to yield the right-of-way to Rank who "was on

the right and had the right-of-way." Smollen by answer denied this allegation. Rank by answer admitted it. Smollen in allegation of negligence of Rank by answer alleged that he entered the intersection ahead of Rank and had the right-of-way. Rank in his answer alleged that he entered the intersection to the right of and ahead of the Smollen car.

The trial court instructed the jury that Rank contended Smollen to be negligent in that he failed to yield the right-of-way to Rank.

Rank argues here that it was his theory that he had the right-of-way and by reason thereof was not negligent, and that he was entitled to have the jury instructed on his theory of the case. As we read the instruction that was done. In addition the trial court in instruction No. 7, which is not challenged, advised the jury as to the rules where two motorists approach an intersection at or about the same time. The rule is: "Instructions not complained of in such a way as to be reviewable in this court will be taken as the law of the case, and if, when tested by such instructions, the verdict is not vulnerable to the objections lodged against it, the assignments will not be sustained." Myers v. Platte Valley Public Power & Irr. Dist., 159 Neb. 493, 67 N. W. 2d 739. We find no merit in this contention.

Rank next sets out two of the four allegations of negligence of Smollen made by plaintiff, as recited in the instruction, as to cars approaching from the right. He says the instructions were prejudicial to him but does not explain the basis of the contention. We see no merit to the contention.

Rank next complains because the court instructed the jury that plaintiff alleged Rank was negligent in that he operated his automobile at an excessive rate of speed and in excess of the speed limit fixed by ordinance. He contends that plaintiff offered no evidence as to that fact although he admits that Smollen's witnesses did directly so testify. Parenthetically it is also a fair in-

ference from the testimony of one of Rank's witnesses. This is equivalent to a contention that as to the issue of the speed of Rank the court should have withdrawn that issue from the jury. We have disposed of that contention in our ruling on the denial of the motions for an instructed verdict.

The rule is: "It is the duty of the trial court to present to the jury those issues which are raised by the pleadings and which find support in the evidence." Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

Rank next argues that he was entitled to the benefit of the plaintiff's admission that Rank was on the right and had the right-of-way, and that it "was an admission that the defendant Rank was not violating any speed limit at the time the accident occurred." That is a non sequitur that is self demonstrative.

Rank next complains that the trial court instructed the jury that plaintiff alleged Rank was negligent in operating his automobile at a rate of speed in excess of what was reasonable and proper under the conditions then existing. Plaintiff pleaded such an act of negligence. Rank moved that it be stricken as repetitious, surplusage, and redundant. The journal recites that the court ruled on the motion and granted leave to amend. The transcript shows that the allegation was stricken.

Rank, however, pleaded that he was operating his automobile at a "slow, lawful, proper and moderate rate of speed."

The trial court advised the jury of that allegation. The question was an issue and made so by Rank. We fail to see prejudice to Rank in the instruction.

Rank further complains that the court instructed the jury that plaintiff alleged defendant Rank was negligent in that he failed to keep a reasonable lookout for cars approaching the intersection from his left. Rank's evidence shows that he failed to look when he first could have seen the Smollen car. Rank again argues here that plaintiff alleged he had the right-of-way and he

(Rank) admitted it. The trial court in instruction No. 7 told the jury with reference to one who had a right-of-way that "if the situation is such as to indicate to the mind of an ordinarily careful and prudent person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent an accident, even to the extent of waiving his right-of-way." No complaint is made as to that instruction. It likewise becomes the law of the case.

Rank by answer alleged that as a result of the collision he was thrown against the windshield and rendered unconscious, making it impossible for him to control his car thereafter, and that the movement of his car thereafter was not the result of any voluntary or conscious act or omission on his part. The court instructed the jury that Rank alleged that as a result of the collision he lost control of his car and was unable to stop before striking the plaintiff.

Rank contends that the court should have in instruction No. 1 informed the jury that he "had lost control by reason of being thrown against the windshield and being dazed as a result thereof." That was a question of fact for the jury on disputed evidence. In instruction No. 9 the court instructed the jury as to the liability of Rank if they found that he had been rendered unconscious as a result of the collision with the Smollen car. The instruction is not challenged here. It also becomes the law of the case. We see no merit in this contention.

Plaintiff alleged that as a result of the accident "a large part of the skin and muscles of the left leg was torn out of her" and the "bones in her knee were broken."

The evidence is undisputed that: "A. She had a laceration of the left knee and then she had a severe deep straddle laceration of—oh, I suppose you might term it the crotch would be the lay term. Q. Tell where it affected her legs? A. Well, it extended from where the thigh would join—the inner part of the thigh

would join the body and extended up into the body, oh, probably five or six inches and the skin of the buttocks was completely undermined, also to the extent of four or five inches, and the rectum on that side was opened for the entire distance and the external muscle of the rectum was torn."

Rank contends that the injury was to the body and not a separation of the left limb from the body and that to so state it exaggerated the nature of the injury. As we read the instruction it was factually correct and minimized the nature of the injury. We see no prejudice to Rank in the instruction.

Rank asserts that the statement that the bones in her knee were broken was not a correct statement. The undisputed evidence is: "The inner ball or inner half ball of the knee was just split right through and just lays right there in place." The trial court accurately stated the allegation as "bones * * * were broken." The evidence is a bone was broken. We fail to see prejudice to Rank in the instruction.

Earlier in this opinion we have referred to the fact that plaintiff in her allegations of negligence of Smollen alleged that Smollen failed to yield the right-of-way to Rank "who was on the right and had the right-of-way" and that Rank admitted that allegation. Plaintiff by reply accepted this admission and admitted Rank's allegation that Smollen was negligent.

The trial court made no reference to these admissions in its instructions. We fail to see where Rank was prejudiced. He points out no prejudice.

If erroneous, the established rule is: "Erroneous instructions to the jury will not work a reversal of a case unless they are prejudicial to the complaining party." In re Estate of Keup, 145 Neb. 729, 18 N. W. 2d 63.

Rank's assignment and argument directed at instruction No. 1 are not sustained.

In instruction No. 4 the trial court instructed the

jury that the burden of proof was on the plaintiff to show the negligence charged against the defendants.

The jury was then instructed that the burden of proof was on the defendant Rank to show the negligence which he charged against Smollen unless such negligence was disclosed by the evidence of Smollen and that such negligence was a proximate cause of plaintiff's injuries; and that a like burden was on Smollen to prove the evidence which he charged against Rank.

Both Rank and Smollen assigned this as error.

The trial court had advised the jury that Smollen charged Rank with negligence as a sole and proximate cause in that he failed to keep a lookout and failed to keep his automobile under reasonable control.

The court had instructed the jury that Rank had charged that the sole cause of the accident was the negligence of Smollen in that he operated his car at an excessive rate of speed in violation of the ordinance and that he failed to yield the right-of-way to Rank who approached the intersection from Smollen's right. Neither Smollen nor Rank prayed for affirmative relief against the other.

We think this instruction was erroneous and prejudicial, and requires a reversal of the judgment and a remand for a new trial.

The rule is: "In the absence of an issue of negligence by plaintiff or by a third person imputable to plaintiff, allegations in an answer denying that defendant was negligent and alleging that the accident and resulting damages were solely and proximately caused by the negligence of such third person is not an affirmative plea in avoidance of plaintiff's cause of action and imposes no burden of proof upon defendant with relation thereto, but rather is one entirely consistent with and provable under the general issue." Umberger v. Sankey, 151 Neb. 488, 38 N. W. 2d 21. See, also, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333; Styskal v. Brickey,

158 Neb. 208, 62 N. W. 2d 854; Burhoop v. Brackhan, *ante* p. 382, 82 N. W. 2d 557.

Both Rank and Smollen assign the giving of instruction No. 6 as error. Smollen does not mention it in argument. Instruction No. 6 set out the speed limit of the city of Grand Island as fixed by ordinance. It is literally correct.

Rank argues that the instruction is erroneous in that it does not advise the jury that its violation was not in itself negligence, but is evidence of negligence. He cites no cases wherein we have held that it is error to fail to include such a statement. We need not decide that question.

The rule is: "Instructions to a jury must be considered together, so that they may be properly understood, and, if as a whole they fairly state the law applicable to the evidence when so construed, error cannot be predicated on the giving thereof." Bell v. State, 159 Neb. 474, 67 N. W. 2d 762.

Instruction No. 7 sets out the "laws" of Nebraska as to right-of-way of motorists approaching an intersection at or about the same time. It refers to motorists traveling at "a lawful rate of speed." The second paragraph refers to the right-of-way of a vehicle which has entered an intersection and is passing through "at a lawful rate of speed." The third paragraph is: "The violation of any of these laws is not of itself negligence, but is evidence which you are to consider * * *."

Rank's contention is that by the use of the word "laws" the last-quoted statement does not apply to the ordinance and hence the instruction does not apply to the instructions as to the ordinance fixing the speed limit.

This contention is obviously without merit. The reference to "a lawful rate of speed" in instruction No. 7 clearly refers to the speed limit as set out in instruction No. 6 and makes the last provision applicable to both. So construed the instructions are complete on the matter covered. The assignment has no merit.

Both Rank and Smollen assign the giving of instruction No. 8 as error. Rank does not point out error in his argument. Smollen mentions it only in connection with his argument as to instruction No. 4. Under rule 8a 2 (4) of the Supreme Court rules, this assignment is not considered.

This concludes the assignments of error in which Smollen joins. The remaining assignments are those of Rank.

Rank assigns error in the refusal to give requested instruction No. 6. He concedes that instruction No. 8 which was given was intended to cover the situation but contends that the instruction given placed the burden on each defendant to show that the other was negligent. He does not point out the language that he contends produced that result. We find no language that even by inference does so. He contends further that the instruction does not correctly reflect the law as stated in Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673. He argues the facts of the Bergendahl case and the facts, as he sees them, in the instant case. He does not point out error in the instruction. The assignment is without merit.

Rank assigns error of the trial judge which he complains altered the effect of the importance of evidence and the credibility of witnesses. In part the matters here mentioned are repetitious of questions earlier argued and here decided. The specific assignment here relates to the examination of the witness offered by Rank which directly contradicted evidence of the plaintiff. The witness testified as to his place of employment by name and street address, and that he was on his way to work when he observed the things about which he testified. He was cross-examined by both plaintiff and Smollen. The court then asked the witness where he worked, if he was on his way to work, and if he was going out of his way. The witness explained why he was on the particular street at that time.

It is obvious that the court recognized that an infer-

ence of false testimony could be drawn and that the examination was directed to that situation.

We have held: "It is entirely proper for the trial judge to aid in preventing misconception by properly directed questions or remarks." Culver v. Union P. R. R. Co., 112 Neb. 441, 199 N. W. 794.

We have further held: "We see no impropriety in a trial court interrogating witnesses regarding a fact under investigation, when the tendency is only to develop the truth, and is calculated in nowise to influence the jury, save as the testimony will assist them to arrive at a correct conclusion on the questions of facts in issue." Leo v. State, 63 Neb. 723, 89 N. W. 303.

The holdings are applicable here. We see no basis for Rank's contention of prejudicial error in this matter.

Rank complains of error in the court not sustaining a motion for mistrial made at the close of the opening statements to the jury. As settled, only the remarks of counsel to which objections were made and rulings thereon were included in the bill of exceptions.

At one point in the opening remarks, Rank objected to "argument" and the court advised counsel not to argue. Some pages later counsel for plaintiff referred to the fact of plaintiff's pregnancy at the time of the accident and that because of the fractured pelvis the child was delivered by Caesarean operation. Rank objected that it was not an issue and the court ruled with him "Unless it is claimed that that caused additional pain and suffering * * *." The court then said to "go on and leave that out of your statement." Several pages later the statement was made that plaintiff had a broken pelvis and that she had not recovered completely from that. The court then admonished counsel to limit his statement to matters pleaded. No further objection by Rank was made.

After opening statements were completed, Rank moved for a mistrial on the ground that counsel had recited evidence broader than the pleadings. The court over-

ruled the motion and admonished the jury that statements made in the opening by counsel are not evidence and are to be disregarded and not considered. Rank assigns this as prejudicial error.

Apparently counsel for plaintiff and the court did not agree on the evidence that was admissible under the issues presented. The court undertook to keep out reference to evidence which might later be offered and then held to be incompetent. During the trial repeated reference was made to the pregnancy of plaintiff and the treatment that was required because of it. Repeated evidence was offered as to the broken pelvis. The court rejected a direct offer of proof as to the Caesarean operation.

The rule is: "Considerable latitude must be allowed counsel at the commencement of a trial in making the opening statement in which he states the evidence by which he expects to sustain his cause of action or defense." Yechout v. Tesnohlidek, 97 Neb. 387, 150 N. W. 199.

We find no prejudice to Rank particularly in consideration of the fact that the court directly and clearly admonished the jury in the matter.

The bill of exceptions contains one isolated statement of counsel for plaintiff made in argument to the jury. It is: "He says don't pay any attention to sympathy. Now, you do pay attention to sympathy. If she has received a condition that makes you cry your eyes out for her, then you sympathize for that condition and you give her the money that will pay her for that condition. If she is in a condition that does not merit sympathy for them, why don't give her money for that, but if she is in a condition that merits sympathy, she is in a condition to be paid for it."

Rank moved for a mistrial. It was overruled. Rank claims this was prejudicial error as an appeal to the jury for sympathy.

This is a case where a suggestion of an appeal to

sympathy should not have been made. The statement made that suggestion if not direct appeal for sympathy. Such an argument was improper and constituted prejudicial error under the circumstances of this case.

Defendant Rank requested an instruction to the effect that the jury should not take into consideration any element of sympathy or pity for the plaintiff or criticism or prejudice against the defendants or either of them. The trial court refused the instruction. Rank assigns the refusal to give the instruction as error.

Here Rank restates his argument as to various matters specifically assigned as error and heretofore referred to herein. He refers to one additional matter not separately assigned as error. During the trial a newspaper carried a news item regarding the trial. Rank offered it in evidence and moved for a mistrial. The court overruled the motion and pointed out to the jury certain inaccuracies in the item and admonished the jury to listen to and act on that which was testified to in court and that alone.

Rank contends that the sum total of all of these matters adds up to a requirement that a cautionary instruction on sympathy and prejudice should have been given and that it was prejudicial error not to do so.

The applicable rule is: The giving or refusing to give a cautionary instruction that the jury is not to allow sympathy or prejudice to control or affect its finding is within the sound discretion of the trial court. Hoskovec v. Omaha Street Ry. Co., 85 Neb. 295, 123 N. W. 305; Copeland v. Omaha & C. B. St. Ry. Co., 98 Neb. 42, 151 N. W. 947; Blackwell v. Omaha Athletic Club, 123 Neb. 332, 242 N. W. 664.

Plaintiff, at the time of the accident, was 24 years of age, married, and the mother of three children.

We have heretofore quoted the evidence as to the torn and bruised area in the crotch; her pelvis was fractured; and she had a sacroiliac dislocation and the fractured, torn left knee. These were the major injuries.

The first night at the hospital she was in shock and was given 8 to 11 pints of blood by transfusion. That night began a series of operations, not yet ended at the time of the trial. The number of the operations performed depends on whether the series of things done were classed as operations or surgical treatments. She was in the hospital for 96 days. During all of that time she was in pain, described at one time as excruciating by her surgeon. She was under the influence of narcotics administered to relieve pain from 2 to 4 hours apart for weeks on end during most of this time.

During that time she underwent a personality change where the doctors feared she was going insane from the memory of the accident, the pain, and the fear of operations. That condition had improved at the time of the trial, but still remained with her.

Several operations were performed on the knee and the pelvis area to restore the fractured bones. This ultimately resulted in putting pegs in the bones to get traction. She was in traction for that purpose for several weeks.

Infection developed in the torn crotch area resulting in an abscess. To remove a cause of infection a colostomy was performed on March 26, 1955, 2 weeks following the accident. On August 30, 1955, following the accident the reverse operation was performed putting the bowel and the functioning of the rectum back in its proper place. The leg is left in a deformed position permanently. At the time of the trial another knee operation was anticipated to remove the cause of continuing weakness and pain there. The doctors testified that the final result would be a fixed knee or, as we interpret it, a stiff leg from the hip to the ankle.

The above in broad outline is the undisputed evidence of the plaintiff's physicians and surgeons.

The injuries of the plaintiff were such as obviously would appeal strongly to the sympathy of jurors. This coupled with the circumstances connected with the trial

mentioned herein were such as required the giving of the cautionary instruction, the request having been made for it, and failure to do so was prejudicial error. See, Copeland v. Omaha & C. B. St. Ry. Co., *supra;* 88 C. J. S., Trial, § 320(b), p. 848.

The jury returned a verdict for the plaintiff against both defendants in the sum of $35,500. Rank assigns as error that the verdict is excessive and was given under the influence of passion and prejudice.

A reversal and new trial being required, we need not determine this assignment. It can have no bearing at a new trial.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.