HERMAN HERT, APPELLANT, V. CITY BEVERAGE CO., INC., A
CORPORATION, ET AL., APPELLEES.
94 N. W. 2d 27

Filed January 9, 1959. No. 34424.

(557)

Martin A. Cannon and Mathews, Kelley & Stone, for appellant.

Bryce Crawford, Jr., and Crawford, Garvey, Comstock & Nye, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Herman Hert, plaintiff and appellant, against City Beverage Co., Inc., a corporation, Leo Dahir, doing business as City Beverage Co., and Frank Tomes, defendants. It developed on the trial that there was no corporation, hence the true defendants are Dahir and Tomes. These two defendants are appellees. The action was based directly upon a charge of negligence against the defendant Tomes who was at the time in the employ of the defendant Dahir. It is clear that Tomes was at the time an employer of Dahir and if Tomes was liable Dahir was also liable under the theory of respondeat superior. This is not questioned. Further mention will not be required herein of Dahir, therefore Hert will be hereinafter referred to as plaintiff and Tomes as defendant.

The case was tried to a jury and a verdict was returned in favor of plaintiff and against the defendants for $4,399.97. Judgment was rendered on the verdict. A motion for new trial was duly filed which was sus-

tained. From the order sustaining the motion for new trial the plaintiff has appealed.

For the purposes of this opinion, although the entire verdict was set aside, only the $4,000 portion requires discussion. This amount represents, as is indicated by arguments in the briefs, what was allowed for personal injuries and the appeal is thereto related. The balance represents an amount allowed for other damages concerning which there is no dispute.

The order setting aside the verdict does not contain any reasons therefor. It is true that the plaintiff was given leave on February 3, 1958, which was 7 days after the ruling on the motion for new trial, to make as part of the bill of exceptions a memorandum of the trial judge addressed to the attorneys for the parties in which was set forth grounds for setting aside the verdict. The memorandum however was never incorporated in the bill of exceptions.

The case therefore comes here as one wherein no reasons appear in an order for setting aside the verdict and granting a new trial. The rule to be observed in presenting the appeal is the following: "If the trial court gave no reasons for its decision, then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and submits the record to critical examination with the contention that there was no prejudicial error. The duty then rests upon the appellee to point out the prejudicial error that he contends exists in the record and which he contends justifies the decision of the trial court. The appellant then in reply has the right, if he desires, of meeting those contentions." Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. See, also, Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139; Gain v. Drennen, 160 Neb. 263, 69 N. W. 2d 916; Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

The plaintiff sets forth one assignment of error as

follows: "The Court erred in sustaining the defendant's motion for a new trial." The substance of the argument in support of the assignment is that plaintiff testified that he was injured; a policeman testified that plaintiff complained of injury at the scene, and the police report so shows; the doctor who attended plaintiff 2 days later said plaintiff was permanently injured; a consultant orthopedist said plaintiff was injured; a doctor called as a witness by the defendant admitted that previously he had diagnosed a lumbo-sacral strain and that plaintiff was injured, but disputed only the severity of the injury; and that there was no testimony that he was not injured, on account of all of which a verdict of $4,000 for general damages could not be regarded as excessive. The argument as it pertains to injury directs attention to particular evidence in the bill of exceptions. Support for the argument is found in the evidence to which attention has been directed. This support, except as to that given by the plaintiff, is in the nature of opinions based upon subjective symptoms rather than upon objective findings.

On his part the defendant presents in his brief only the question of whether or not the verdict was so excessive as to warrant the granting of a new trial; admissibility of evidence in one particular; and proper approach to be taken by this court when a case comes here for review of an order sustaining a motion for new trial.

The evidence which the defendant contends was inadmissible was objected to, as we interpret, on the ground that it was not properly identified. The offered evidence was X-rays. Without this foundation doctors were allowed to state what the X-rays portrayed. Later in the trial the X-rays were again offered and at that time the defendant expressly waived any objection as to foundation.

While it may be said that in the first instance there was error, in the light of the subsequent substantial waiver of objection to which attention has been called,

it may not well be said that the defendant was prejudiced. The applicable rule in such cases is the following: "Before an error requires a reversal it must be determined that it was prejudicial to the rights of the party against whom it was made." Buhrman v. Smollen, 164 Neb. 655, 83 N. W. 2d 386. See, also, Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109.

In a case which comes here for review of an order setting aside a verdict and granting a new trial it is the duty of this court to observe the following rule: "Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Greenberg v. Fireman's Fund Ins. Co., *supra.*

In a case where the question to be determined is that of whether or not the amount allowed justified the court in setting aside the verdict this court is to be guided by rules which are set forth in the syllabus of Peacock v. J. L. Brandeis & Sons, 157 Neb. 514, 60 N. W. 2d 643. The source of these rules is found in the cases cited in the opinion. The rules are:

"Where a verdict in a personal injury case is excessive and it appears to have been returned under the influence of passion and prejudice rather than upon the facts or that the jury misapplied the law, it is the duty of this court to set the verdict aside and grant a new trial."

"The question of the amount of damage is one solely for the jury and its action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of injury and damage proved."

The record discloses the following facts and circumstances which must be considered in the light of these rules in determining the question of whether or not the court properly set aside the verdict and granted a new

trial: The accident out of which the action grew occurred on September 14, 1955; while liability, if damage is proved, is not admitted by the defendant he made no effort on the trial to defend against liability; the trial was had in October 1957; the plaintiff as a witness gave testimony as to the accident and resultant injuries; and he testified substantially that he received an injury which caused pain in the lower part of his back and that he suffered pain, discomfort, and still so suffers, that he continued in his employment but on account of the persistence of pain he worked shorter hours than he ordinarily did theretofore, that he has not been able to sleep with any degree of comfort except when he lies on his stomach, and that discomfort is entailed in driving an automobile in his occupation which is that of salesman. He testified to other details related to his condition but it is not deemed necessary to set them out here.

Based upon history given by the plaintiff and an examination of X-rays a doctor testified in substance that he found a pathological condition at the lower extremity of the spinal column which he did not say was caused by the accident, but he did say that, in his opinion, it was aggravated by the accident and caused the pain and discomfort of which the plaintiff complained, and which in his opinion would be continuous thereafter. The record discloses that the plaintiff was 39 years of age and his life expectancy was from 28 to 30 years.

Another doctor gave it as his opinion that the pain and discomfort from which the plaintiff suffered and was suffering was caused by the accident.

A doctor called by the defendant, on substantially the same history as that on which the testimony of the plaintiff's witnesses was based, evidence of the same pathological condition, and an examination made on May 13, 1957, testified that there was mild tenderness in the area indicated by plaintiff, but there was no evidence of injury or disability, and nothing from which

an objective finding of injury or disability could be made by him. He gave an opinion that at the time of the accident the plaintiff had a mild low back strain but that there was little or no disability at the time he made his examination.

It becomes clearly apparent that there is evidence to sustain the finding of the jury that the plaintiff suffered an injury for which he was entitled to recover damages. The remaining question therefore is that of whether or not the amount awarded bears a reasonable relationship to the injury and damage proved.

From the brief summary of evidence set out herein the jury was justified in finding that the plaintiff suffered an injury with resultant pain and discomfort which persisted from the date of the accident down to the date of trial, and which would persist thereafter. There is no monetary measure for pain and suffering but it is well recognized that damages are allowable therefor. If a jury has considered the duration and severity of pain and suffering and has manifested by verdict a reasonable attitude thereto in fixing damages the verdict will be upheld on appeal. See Peacock v. J. L. Brandeis & Sons, *supra*.

In the light of the facts as disclosed by the record in this case and this principle we are unable to say that the award of damages for personal injuries by the jury was excessive.

The order and judgment of the district court sustaining the motion for new trial and setting aside the verdict of the jury is reversed and the cause remanded with directions to reinstate the verdict and judgment rendered thereon.

REVERSED AND REMANDED WITH DIRECTIONS.